

ENTERED
08/08/2017

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE: §
DERRON RICARDO MILLINGTON § CASE NO: 17-31290
  Debtor(s) §
 § CHAPTER 13

## MEMORANDUM OPINION

This Memorandum Opinion resolves an issue arising from Derron Millington's objection to Gulf States Equities' motion for relief from the automatic stay. (ECF No. 35). Gulf States' motion seeks relief from the automatic stay to take possession of property bought at a foreclosure sale on December 6, 2016. Millington objects to the relief on the basis that he filed his chapter 13 petition before the expiration of the redemption period. Millington claims that he is entitled to redeem the property pursuant to 11 U.S.C. §§ 105(a), 541(a)(1), 1322, and Article VI of the Constitution. Millington requests that the Court enter an order allowing him to redeem the property through his chapter 13 plan. Millington's right of redemption period has expired. Accordingly, his objection is overruled.

### Background

Millington filed this chapter 13 bankruptcy case on March 3, 2017, three days before the end of the 90 day period to redeem the property as provided by Texas law. This dispute centers on whether Millington may redeem the property by making deferred payments under his chapter 13 plan. Gulf States argues that Texas law does not provide for redemption with deferred payments extending beyond the 90-day redemption period. Millington argues that the Court has the ability to extend the redemption period under 11 U.S.C. §§ 105(a), 541(a)(1), 1322, and Article VI of the Constitution.

**Jurisdiction and Authority**

This Court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157.

**Analysis**

Section 108(b) of the Bankruptcy Code provides:

> (b) Except as provided in subsection (a) of this section, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding . . . the trustee may only file, cure, or perform, as the case may be, before the later of--
>
> (2) 60 days after the order for relief.

11 U.S.C. § 108(b).

Section 1322(b)(2) of the Bankruptcy Code provides:

> (b) Subject to subsections (a) and (c) of this section, the plan may—
>
> (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims.

11 U.S.C. §1332(b)(2).

The Texas Property Code provision at issue is § 82.113, which provides:

> (g) The owner of a unit purchased at a foreclosure sale of the association's lien for assessments may redeem the unit not later than the 90th day after the date of the foreclosure sale. . .. If a party other than the association is the purchaser, the redeeming owner must pay to the purchaser of the unit at the foreclosure sale an amount equal to the amount bid at the sale, interest on the bid amount computed from the date of the foreclosure sale to the date of redemption at the rate of six percent, any assessment paid by the purchaser after the date of foreclosure, and any reasonable costs incurred by the purchaser as the owner of the unit, including costs of maintenance and leasing.

Tex. Prop. Code § 82.113.

The tax foreclosure sale at which Gulf States purchased the property took place on December 6, 2016. Pursuant to Tex. Prop. Code § 82.113, Millington had until March 6, 2017, to redeem the property. However, because Millington filed his case before the expiration of the redemption period, § 108 of the Bankruptcy Code applied to extend the period to 60 days after the petition date. 11 U.S.C. § 108(b)(2). Accordingly, Millington's redemption right was extended by 57 days. However, no redemption payment was made to Gulf States within that time frame.

Millington argues that what Gulf States purchased at the tax sale was a lien on the property, making it a secured creditor whose rights can be modified under § 1322(b)(2). If that argument were correct, Millington could potentially redeem the property beyond the deadlines established by Texas law and extended by § 108. Millington cites to a case applying Georgia law for the proposition that a debtor continues to have an interest in foreclosed property until he fails to redeem it, even beyond the redemption period. *In re Jimerson*, 564 B.R. 430 (Bankr. N.D. Ga. Jan. 26, 2017). *In re Jimerson* dealt with the issue of whether a debtor had the right to redeem property through a chapter 13 plan. The debtor in that case failed to pay property taxes and consequently his home was sold at a tax sale. The debtor then filed a chapter 13 bankruptcy case before the end of the redemption period. The bankruptcy court ruled that:

> the filing of an extension plan to be the timely exercise of the Right of Redemption within the extension granted by 11 U.S.C. § 108(b) . . . and that [creditor] has a secured claim not secured by the Debtor's principal residence, [creditor's] claim can be paid over the length of the Plan pursuant to 11 U.S.C. § 1322(b)(2).

*Id*. at 440.

Millington argues that Georgia and Texas law are consistent with respect to the right of redemption; accordingly, the rational of *Jimerson* should apply in this case. Millington is

incorrect.  Under Georgia law, after 12 months from the date of a tax sale, the purchaser *may terminate* the right to redeem the property by causing a notice of the foreclosure.  O.C.G. § 48-4-40.  Consequently, a tax deed under Georgia law does not entitle a purchaser to exclusive possession until the right of redemption is terminated.  *Id*.  In contrast, under Texas law, a purchaser at a tax sale is vested with "good and perfect title" to the property at issue along with the "right to the use and possession of the property, subject only to the defendant's right of redemption."  Tex. Tax Code § 34.01.

Texas law applies in this case.  Pursuant to Texas law, Gulf States is the owner—not a lien holder—of the property because Gulf States purchased the property at a tax sale.  Accordingly, Gulf States is not a secured creditor and Millington cannot modify Gulf States' rights under §1322(b)(2) to redeem the property over the course of his chapter 13 plan.

Millington asserts an additional argument under Article VI of the U.S. Constitution, which states that the Constitution is the supreme law of the land and that laws passed by Congress supersede laws passed by state legislatures.  U.S. Const. art. VI.  Where there is conflict between a state's definition of estate property and the Bankruptcy Code's definition of what constitutes a debtor's estate, federal law defines the property of the estate to fulfill the significant policy goal behind the relevant provision of the Bankruptcy Code.  *Butner v. United States*, 440 U.S. 48, 55 (1979).  In this case, Millington argues that the federal interest is to "allow reorganization of debts owed by distressed debtors."  However, Congress specifically addressed this issue through § 108, which extends the original 90-day period.  The Court will not substitute its judgment for that of Congress on how to mesh the policies between respecting state law and furthering reorganizations.   Congress did not alter state law property concepts regarding whether redeemable property is owned by a debtor or creditor during the redemption period.

Millington finally argues that he should obtain relief pursuant to § 105. Although § 105 gives bankruptcy courts broad power and discretion, "Bankruptcy Courts may not use § 105 to create new substantive rights or contravene specific Code provisions." *In Re Cano*, 410 B.R. 506, 540 (Bankr. S.D. Tex. Aug. 10, 2009). Millington is asking that the Court modify Gulf States' rights by extending the time it can receive a redemption payment beyond the extension already provided for in § 108, or by impermissibly treating Gulf States as a secured creditor.

The text of § 1332(b)(2) does not allow the rights of Gulf States to be modified because Gulf States is not a holder of a secured claim and Millington does not assert that Gulf States has an unsecured claim. Additionally, to modify Millington's right of redemption by extending the period for him to pay Gulf States would create a new substantive right, namely a perpetual right of redemption, and would contravene § 108. Accordingly, the Court "may not use § 105 to create new substantive rights" in Millington's favor. Millington may not redeem the property by paying the redemption amount through the plan.

## Conclusion

Millington's argument that the motion should be overruled as a matter of law must be denied. The August 21, 2017, hearing will proceed as scheduled.

SIGNED **August 8, 2017.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE